# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

IN RE BENEFITS FOR
PRIMERICA POLICY NUMBERS
ENDING IN 2084 AND 3112

Case No. 5:23-cv-518-JA-PRL

RASHAWN THOMPSON, J.P.,
D.P., O.J., NEVILLE GRAHAM,
RICHARD GRAHAM, and
DONOVAN PASMORE,

Claimants.

## ORDER

This case is before the Court on Cross-Claimant Donovan Pasmore's motion for default judgment. (Doc. 51). Mr. Pasmore filed a Crossclaim against Cross-Defendants Rashawn Thompson; O.J., a minor; Neville Graham; and Richard Graham on August 5, 2024. (Doc. 47). To date, none of the cross-defendants has filed a response and the time to do so has passed.

Nevertheless, the motion for default judgment must be denied as premature because Mr. Pasmore has not obtained a Clerk's Default against the Cross-Defendants under Federal Rule of Civil Procedure 55(a) and the Local Rules of this Court. Under Rule 55, there is "a two-step procedure for obtaining a default judgment." *Awgi, LLC v. Team Smart Move, LLC*, 6:12-cv-948-Orl, 2012 WL 12904224, at *1 (M.D. Fla. Sept. 28, 2012), *report and recommendation*

*adopted*, 6:12-cv-948-Orl, 2012 WL 12904225 (M.D. Fla. Oct. 4, 2012) (quoting *Deforest v. Johnny Chisholm Glob. Events, LLC*, No. 3:08-cv-498, 2010 WL 1792094, at *7 (N.D. Fla. May 4, 2010); Fed. R. Civ. P. 55(a), (b). First, the clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, "after a default is entered, the party must then apply to the court for a default judgment." *Awgi*, LLC, 2012 WL 12904224, at *1 (quoting *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1360 (N.D. Ga. 2011)); Fed. R. Civ. P. 55(b). As a result, "the clerk's entry of default must precede an application" for default judgment. *Id.* at *2 (quoting *Deforest*, 2010 WL 1792094 at *7); *see also* M.D. Fla. Local R. 1.10(b) ("Within twenty-eight days after a party's failure to plead or otherwise defend, a party entitled to a default must apply for the default."); *id.* R. 1.10(c) ("Within thirty-five days after entry of a default, the party entitled to a default judgment must apply for the default judgment . . . ."). Indeed, "[t]he law is clear that these two separate steps cannot be combined into one." *Bardfield v. Chisholm Props. Cir. Events, LLC*, No. 3:09-cv-232, 2010 WL 2278461, at *6 (N.D. Fla. May 4, 2010). Litigants are not permitted to circumvent this process by applying to the court for a default judgment before the clerk enters a party's default.

Additionally, even if the motion were ripe for resolution, it fails to comply with Local Rule 3.01(g). "Rule 3.01(g) does not exempt from its requirements motions for default judgment". *Esprit Stones Priv. Ltd. v. Rio Stone Grp. Inc.*, 6:19-cv-637-Orl, 2020 WL 10318553, at *1 (M.D. Fla. June 15, 2020). The guardian ad litem for cross-defendant O.J., Pamela Grace Martini, has made an appearance in this case. (Doc. 27). Nevertheless, Mr. Pasmore's motion fails to certify compliance with Rule 3.01(g). Accordingly, any renewed motion must contain a Rule 3.01(g) certificate stating that counsel for Mr. Pasmore has conferred in good faith with O.J.'s guardian ad litem regarding the resolution of the motion, and "the renewed motion must state the outcome of such good faith conference." *Esprit Stones Priv. Ltd.*, 2020 WL 10318553.

Accordingly, it is **ORDERED** and **ADJUDGED** that Cross-Claimant Donovan Pasmore's motion for default judgment (Doc. 51) is **DENIED without prejudice** to refiling, if appropriate, in compliance with the Local Rules and the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Orlando, Florida, on October 17, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

3