# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

IN RE BENEFITS FOR
PRIMERCA POLICY NUMBERS
ENDING IN 2084 AND 3112,

v.                                              Case No. 5:23-cv-518-JA-PRL

RASHAWN THOMPSON, J.P.,
D.P., O.J., NEVILLE GRAHAM,
RICHARD GRAHAM, and
DONOVAN PASMORE,

        Claimants.

## ORDER

Before the Court is the motion of cross-claimants J.P., Donovan Pasmore, and D.P. for entry of default judgment against Neville Graham and Richard Graham.[1] (Doc. 55). Previously, the cross-claimants' motion for default judgment was denied without prejudice due to their failure to seek the Clerk's entry of default first. (Doc. 52). Now, the Clerk has entered default. (Doc. 54). However, "[a] party is not entitled to a default judgment merely because a clerk's default has been entered." *Cloer v. Green Mountain Specialties Corp*, No. 6:18-cv-999, 2018 WL 7287153, at *1 (M.D. Fla. Aug. 30, 2018). Here, the second motion for default judgment is deficient because it fails to set forth the elements

---

[1] O.J. consents to the filing of this motion. (Doc. 55 ¶ 20).

of the claims "with citation to legal authority" and it fails to "show how the well-pleaded allegations of the [cross claim] establish each of those elements." *Cloer*, 2018 WL 7287153, at *1. "Without this information, the Court is ill-equipped to determine whether [the cross-claimants are] . . . entitled to a default judgment." *Cloer*, 2018 WL 7287153, at *1 (citing *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988)).

Accordingly, within **seven days of the entry date of this Order**, the cross-claimants shall file a supplement to the motion for default judgment that sets forth the elements of each cause of action and shows how the well-pleaded allegations of the cross claim (Doc. 47) establish each of these elements.

**DONE** and **ORDERED** on November 25, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

2