**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

IN RE BENEFITS FOR
PRIMERCA POLICY NUMBERS
ENDING IN 2084 AND 3112

Case No. 5:23-cv-518-JA-PRL

RASHAWN THOMPSON, J.P.,
D.P., O.J., NEVILLE GRAHAM,
RICHARD GRAHAM, and
DONOVAN PASMORE,

　　　　Claimants.

## ORDER

Before the Court is the second amended motion of cross-claimants J.P., Donovan Pasmore, and D.P. (the cross-claimants) for entry of default judgment against Neville Graham and Richard Graham (the Grahams).[1] (Doc. 58). Previously, the cross-claimants' motion for default judgment was denied without prejudice due to their failure to seek the Clerk's entry of default first. (Doc. 52). The Clerk has now entered default against the Grahams. (Doc. 54).

After the Clerk entered default, the cross-claimants filed their first amended motion for default judgment. (Doc. 54; Doc. 55). However, that motion did not set forth the elements of each cause of action or show how the well-

---

[1] O.J. consents to the filing of this motion. (Doc. 55 ¶ 20; Doc. 58 ¶¶ 7, 10, 17).

pleaded allegations of the cross-claims (Doc. 47) established each of those elements.

To reduce motions practice, the Court directed the cross-claimants to file a supplement to the first amended motion for default judgment that demonstrated that they were entitled to default judgment. (Doc. 57). Instead, the cross-claimants filed a second amended motion for default judgment.[2] (Doc. 58). While this motion, unlike its predecessors, sets forth some of the elements of the cross-claimants' causes of action, it is still insufficient. (*See* Doc. 57).

First, the cross-claimants assert four counts against the Grahams. (Doc. 47). However, the second amended motion for default judgment combines the second and third counts, and thus it only addresses three claims. (Doc. 58). It is unclear if the cross-claimants are pursuing final default judgment as to all counts or some counts. *See* Fed. R. Civ. P. 54(b) (setting forth standard for granting default judgment on some claims, but not all).

Second, the cross-claimants do not provide any law as to the fourth count—"policy number 3112." And the Court has difficulty assuming that this count asserts a claim for declaratory judgment because the other policy at issue (policy number 2084) is **not** listed as a count in the cross-complaint. Ultimately, the Court cannot discern what cross-claims are asserted here and if the cross-

---

[2] The second amended motion for default judgment (Doc. 58) renders the first amended motion for default judgment (Doc. 55) **MOOT**. (Doc. 55).

claimants are seeking default judgment as to all of their counts. Accordingly, the cross-claimants' second amended motion for default judgment (Doc. 58) is **DENIED**. As previously stated, the cross-claimants' first amended motion for default judgment (Doc. 55) is **DENIED as moot**.

Finally, it does not appear that the cross-complaint is pleaded consistently with Florida law or interpleader actions. For example, to show the elements of the first count, "decedent's mental capacity," the cross-claimants cite *John Knox Village of Tampa Bay, Inc. v. Perry*, 94 So. 3d 715, 717 (Fla. 2d DCA 2012). However, *Perry* does not address a claim for "mental capacity;" the issue there was whether an arbitration agreement was valid and required dismissal of the lawsuit. *Compare id., with Allstate Life Ins. v. Lewis*, No. 6:12-cv-1019, 2012 WL 13137014 (M.D. Fla. Oct. 3, 2012) (granting motion for default judgment in interpleader action where cross-plaintiff alleged that cross-defendant forged decedent's signature on change of beneficiary form or that decedent signed without lucid mind). Instead, interpleader actions such as these seem to typically involve straightforward claims for declaratory relief as to the beneficiary of specific insurance policies. *See Lewis*, 2012 WL 13137014, at *2; *see also Transameria Premier Life Ins. v. Covert*, No. 1:19-cv-110, 2020 WL 968691, at *3 (N.D. Fla. Jan. 6, 2020) (citing *Primerica Life Ins. v. Braswell*, No. 5:17-cv-330, 2017 WL 5631517, at *2 (M.D. Fla. Nov. 22, 2017)).

Accordingly, within **fourteen days** of the entry date of this Order, the cross-claimants shall file an amended cross-complaint. That amended cross-complaint should clearly state the relief requested. The cross-claimants must serve a copy of the amended cross-claim on the Grahams and, if necessary, seek the Clerk's entry of default in compliance with the Federal Rules of Civil Procedure and Local Rule 1.10. *See* M.D. Fla. Local R. 1.10.

**DONE** and **ORDERED** on December 13, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties